STATE OF IOWA v. J. C. FILMORE, Appellant.

LARCENY: ESTABLISHED.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, DECEMBER 12, 1894.

INDICTMENT for larceny from a building in the nighttime. Verdict of guilty, and the defendant appealed.—*Affirmed.*

BECAUSE of the financial inability of the defendant, who is confined in the penitentiary, this case is submitted on a typewritten copy of the record. D. O. Stuart, Esq., appearing for the defendant, the cause was, by stipulation with the attorney general, submitted without argument by either party on the question of the sufficiency of the evidence to sustain the verdict.

GRANGER, C. J.—We have carefully examined the record in this case. There is a strong conflict as to some of the important facts, and but for the testimony on the part of the defendant we should hesitate to affirm the judgment. The testimony, although conflicting, warranted the jury in finding that the defendant was in Council Bluffs about the twenty-second of January, 1892, with a quantity of clover seed, which the indictment charges as having been stolen, where he sold the same, and the amount corresponds with the amount shown to have been taken from the barn of Axline & Smith. The date that the seed was taken from the barn was sometime between the tenth day of December, 1891, and the forepart of February, 1892. The doubtful feature of the evidence on the part of the state was the identity of the seed taken from the barn of Axline & Smith with that sold by the defendant, the sameness of the amounts being the strongest fact in support of it. The principal effort of the defense was to show that defendant was not at Council Bluffs at the time of the sale of the seed there, and hence that the sale must have been by some other person. The evidence, if true, makes it quite conclusive that he was there, and, if there, it is equally conclusive that he sold an amount of clover seed, under an assumed name, corresponding to that taken from the barn of Axline & Smith. The defendant was a witness in his own behalf, and he stands so conclusively impeached by proof of his former convictions of similar felonies that no credit could well have been given his testimony. One can not read the entire record without a satisfactory and abiding conviction of the guilt of the defendant. The trial seems to have been fair, and the rights of the defendant carefully guarded by the instructions. Upon the branch of the case as to the identity of the seed sold with that taken from the barn of Axline

& Smith, the court, evidently feeling that it was the weak point of the prosecution, carefully and repeatedly called the attention of the jury to it, with the statement that it must be established to warrant a conviction. The record is such that we should not interfere with the judgment, and it is AFFIRMED.